### DAMAGES FOR INJURIES TO A PASSENGER.

Circuit Court of Lorain County.

THE CLEVELAND SOUTHWESTERN & COLUMBUS RAILWAY COMPANY
v. SANFORD G. GIBSON.

Decided, December 28, 1909.

*Excessive Verdict—Passion or Prejudice of Jury Must be Shown.*

A judgment in a personal injury damage case should not be set aside because of a claim that the verdict is excessive, simply because the reviewing court is of opinion that it would not have awarded so much, no passion or prejudice on the part of the jury being shown.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

This proceeding in error is brought to reverse a judgment obtained by the defendant in error, Gibson, against the plaintiff in error, the C. S. W. & C. Railway Co., for damages on account of injuries sustained by the former while a passenger in one of its cars, which came into collision with another of its cars.

Three errors are alleged:

First, that the verdict of $4,500 is so excessive as to be indicative of passion and prejudice on the part of the jury. The bill of exceptions consists largely of testimony of physicians. There is a sharp conflict in the evidence, the plaintiff below claiming that his injuries are both varied and permanent, whereas the defendant below contended that he sustained no permanent injuries whatever. A great deal of evidence was also produced to impeach the reputation of the plaintiff below for truth and veracity, insomuch that we wonder that the jury nevertheless appeared to give some credence to his testimony. Apart from this, however, we have examined enough of the medical testimony to see not only that the doctors disagree, but that their diagnoses of Gibson's injuries are utterly irreconcilable. If the jury believed the testimony of his physicians, as doubtless they did, the verdict should not be reversed as being against the weight of the evidence; it would be simply to embrace the other horn of the dilemma. If we were to require a remittitur it would be upon the theory that the medical testimony on neither side is to be believed, but that the truth lies part way between. The solution of difficulties of this sort is pre-eminently for the jury. We are not permitted to set their verdict aside simply because we would have rendered an opposite verdict, nor yet because the amount of damages is greater than we should have awarded upon the same evidence, but only when we are brought to the conclusion that the jury must have been actuated by passion or prejudice. This we are far from being able to say in the present case.

The second assignment of error is upon the failure to grant a new trial because the verdict is not only contrary to the weight of the evidence, but because it is not supported by any evidence. The theory of the plaintiff in error is that the accident was due not to its negligence but to an act of God. The negligence, if

any, was that of the motorman of the car which collided with the
one in which Gibson was a passenger.   He was aware that he
was approaching the place where he was to meet two cars going
in the opposite direction, but when he came near enough to make
it necessary to apply his air-brakes he found that they refused
to work, and before he had time to take other measures, such as
to throw on the power and reverse the motor, the collision oc-
curred.   It was afterward discovered that the reason why the
air brakes would not work was that a hole had been burned in
the air hose line underneath the car, and this in turn was caused
by the last of three flashes of lighting which had struck the car a
short distance before it came to the scene of the collision.   The
motorman testified that he was aware of the fact that the car
had been thus struck and that he had twice restored the circuit
overhead when it was blown out by strokes of lightninb.   But
though he had tried his brakes and found them all right at the
B. & O. crossing, two or three minutes before the accident, he had
no knowledge  that they had been put out of commission by the
lightning stroke thereafter, until it became too late to prevent the
collision.

If the jury believed this story it would undoubtedly have
authorized a verdict for the defendant below.   The question was
put squarely before them by proper charge of the court.   It was
in testimony that accidents to the airhose are extremely rare
from this cause, but that the motorman might at any time by
trying his brake have discovered that it was out of order.   Un-
less the jury were prepared to say from this evidence that it
rebuts the presumption of negligence which the law attaches to
a collision, to fasten liability upon a common carrier of passen-
gers for damages to a passenger which are caused by such col-
lision, their verdict for the plaintiff below was of course war-
ranted.   The motorman's credibility as a witness was a question
for their determination.   The accuracy of his memory and re-
cital of the facts was also a question for them to take into con-
sideration.   They had, in short, to balance the presumption of
law against the excuse which the motorman's testimony affords.
They found that excuse insufficient, either because they did not
believe the motorman's testimony, or because they thought that

ordinary care would require him to test his brakes frequently during the electrical storm.

As on the question of the amount of the verdict, already con-considered, it may be said again here that we are not authorized to reverse a judgment because a contrary verdict might well have been rendered, or even because we should have rendered such contrary verdict had we been in the jury's place. It is idle to say that there is no evidence to support the verdict, when the presumption of law alone, if unrebutted, would sustain it. It is likewise impossible for us to say that the testimony of the motorman was binding upon the jury and afforded such complete rebuttal of the presumption as to necessitate a judgment against the plaintiff below for failure to sustain a burden of proof that rested upon him.

The third error assigned is newly-discovered evidence reflecting upon the character of the injuries sustained by the defendant in error and upon his veracity. This was, of course, cumulative, and therefore it was within the sound discretion of the court below to determine whether a new trial should be granted because of such additional evidence newly discovered.

Furthermore, we think the court below may well have inferred that the evidence would have been discovered in time to have been produced at the trial, if proper diligence had been used. At all events, we are not authorized to reverse the judgment below because the court failed to grant a new trial upon this ground alone, since we do not find that there was any abuse of his discretion in that regard.

We find no error in the record before us and the judgment is affirmed.